# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **TARA BRIGHTON,** | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No: 3:23-cv-2299 |
| **TOTAL FACILITY SOLUTIONS, INC.** | ) |
| | ) **VERIFIED COMPLAINT** |
| | ) |
| | ) **JURY DEMAND** |
| Defendant. | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, Tara Brighton (hereinafter "Plaintiff"), by and through undersigned counsel, Tully Rinckey PLLC, and hereby states the following complaint against Defendant, Total Facility Solutions (hereinafter "Defendant"), for the cause of action stated as follows:

### I.  NATURE OF THE CASE

1. Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et. seq. for relief from discrimination based on sex (female), sexual harassment and hostile work environment-based retaliation.

### II.  THE PARTIES

2. Plaintiff is domiciled in Dallas, Tx, Dallas County, which is a county in this District.

3. Defendant is Total Facility Solutions.

4. Plaintiff was employed by Total Facility Solutions as an Apprentice.

5. Defendant is a corporation headquartered in Plano, TX 75074, which is in the state of Texas.

### III. JURISDICTION AND VENUE

6. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332, 1367, and 42 U.S.C §§ 2000e-5, as it asserts a claim that arises under the Constitution, laws, or treaties of the United States, specifically Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et. seq*.

7. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1343.

8. Venue is appropriate and based on the fact that a substantial part of the actions complained of are the result of actions and the employment practices of Defendant, an entity that is headquartered within the state of Texas. 28 U.S.C. § 1391.

### IV. EXHAUSTION OF REMEDIES

9. Plaintiff filed a Texas Workforce Commission Civil Rights Division (TWCCRD) charge of discrimination against Defendant on June 28, 2022. *See* Exhibit 1, TWCCRD Charge.

10. On March 31, 2023, the TWCCRD issued a determination to not proceed further with the investigation and made no findings on the merit. This determination also provided Plaintiff with her Notice of Right to Sue in Federal Court within ninety (90) days of receipt of the notice. *See* Exhibit 2, Notice of Right to File.

11. Plaintiff sought review of TWCCRD's determination from the EEOC. *See* Exhibit 3, EEOC Request for Review. On or about April 10, 2023, the EEOC informed Plaintiff that after careful consideration of her case, they were denying her request for reconsideration.

12. On or around July 20, 2023, Plaintiff's request for EEOC review was denied. Said Denial of Review was sent to client via USPS regular mail and apparently dated July 18, 2023. See Exhibit 4, EEOC Denial of Review. Plaintiff received actual notice via email from her former attorney Ms. Brandie Moser on July 21, 2023. Plaintiff acknowledged receipt via return email to her former counsel on July 21, 2023.

13. Plaintiff timely files this action within ninety ("90") days of her receipt of the Notice of Right to Sue. This complaint is therefore proper and timely.

## V.     FACTS

14. Plaintiff began working for Defendant on February 11, 2022, as an Apprentice in their Plano, TX location. Plaintiff was terminated from Defendant's employ on April 21, 2022.

15. On or about February 14, 2022, and continuing until Plaintiff was terminated, Plaintiff was subjected to several male employees stating "I want to fuck [Plaintiff]" on a daily basis while on Defendant's premises and reported such harassing statements to the safety superintendent, Lee (last name unknown).

16. On or about March 9, 2022, Plaintiff's co-worker, Jorge Figueroa (hereinafter "Mr. Figueroa"), while at Plaintiff's workspace, yanked a cable that Plaintiff had grabbed hold of, resulting in Plaintiff's arm being injured for several weeks.

17. On or about March 9, 2022, Mr. Figueroa, told Plaintiff to give him a blowjob while in Plaintiff's workspace area.

18. On or about March 15, 2022, Mr. Figueroa told Plaintiff to "fuck off" while in Plaintiff's workspace area.

19. On or about March 15, 2022, Plaintiff verbally reported Mr. Figueroa's behavior to, Jeremy Gray (hereinafter "Mr. Gray"), Project Manager and her first line supervisor and to Harley

Tallamante, the superintendent , her second line supervisor.

20. On or about March 31, 2022, Plaintiff's co-worker, Martin Molina (hereinafter "Mr. Molina") approached Plaintiff while she was alone in her workspace and squeezed her calf.

21. On or about April 1, 2022, Mr. Molina approached Plaintiff while she was using a power saw in her workspace and squeezed her arm stating, "are you getting a good workout?"

22. On or about April 1, 2022, Plaintiff verbally reported Mr. Molina's act of squeezing her calf to Mr. Gray.

23. On or about April 6, 2022, An Van (hereinafter "Mr. Van"), Plaintiff's co-worker, grabbed Plaintiff's breast while in their workspace area.

24. On or about April 9, 2022, Alejandro Gonzales (hereinafter "Mr. Gonzales"), stared at Plaintiff while he groped himself while in the general vicinity of Plaintiff's workspace.

25. On or about April 9, 2022, Plaintiff verbally reported Mr. Gonzales' act of groping himself while starring at Plaintiff to Mr. Gray and a second supervisor, JP (full name unknown).

26. On or around April 10, 2022, Plaintiff was demoted and relegated to work in the warehouse by Chad Hill. Such demotion saw Plaintiff make five dollars less than she made before and Plaintiff no longer qualified for overtime.

27. On or about April 11, 2022, Plaintiff was working in the warehouse when Kevin (last name unknown) made Plaintiff aware that he was sexually aroused and then proceeded to the restroom to relieve himself.

28. On or about April 12, 2022, Charles Nichols (hereinafter "Mr. Nichols"), made moaning sounds towards Plaintiff while she worked in the warehouse.

29. On or about April 9, 2022, Complainant verbally reported to Lee, about the groping incident involving Mr. Gonzales.

30. On or about April 13, 2022, Nicholas (last name unknown) asked Plaintiff to give him a blowjob for twenty ($20) dollars while she worked in the warehouse.

31. On or about April 13, 2022, Plaintiff reported to Chase Boswell (hereinafter "Mr. Boswell"), her third line supervisor, regarding Mr. Van's actions on April 6, 2022.

32. On April 14, 2022, Plaintiff wore leggings underneath jeans but was told that this attire was inappropriate and was issued a corrective action form despite Plaintiff's attire not violating any policy.

33. On April 15, 2022, Plaintiff made a written report of all the sexual harassment she faced to her fourth line supervisor, Chad Hill.

34. On April 15, 2022, Michael Bell, owner of TSF, placed Plaintiff on paid leave for two days.

35. During Plaintiff's employment with Defendant, male co-workers boasted that the Defendant paid them their hourly wage while in class, yet Plaintiff was not paid her hourly wage when she was in class;

36. During Plaintiff's employment with Defendant, Defendant negligently exposed Plaintiff to lead that is higher than Occupations Safety and Health Administration's (hereinafter "OSHA") permitted levels.

37. On April 21, 2022, Plaintiff was terminated without adequate cause.

38. Since May 2022 until present, Mr. Molina continues to stalk Plaintiff, so much so that, Plaintiff filed a report to the Richardson Police Department.

## VI.   CAUSES OF ACTION
### COUNT ONE
**(Discrimination on the Basis of Sex in Violation of Title VII, 42 U.S.C. § 2000e, *et seq*)**

39. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

40. As a person of the female gender, Plaintiff is a member of a protected class.

41. Defendant knew that Plaintiff is a woman and identifies as such prior to subjecting Plaintiff to the aforementioned disparate treatment and was aware of the discrimination Plaintiff was subjected to due to her sex.

42. Plaintiff was subjected to adverse actions by Defendant on the basis of sex when (1) Defendant issued a correction action form due to Plaintiff wearing leggings underneath her jeans, (2) Defendant demoted Plaintiff and relegated her to the warehouse for bringing sexual harassment claims to their attention, which only occurred, but for Plaintiff being a woman, and (3) when Defendant terminated Plaintiff after neglecting to remedy the ongoing sexual harassment Plaintiff faced because she was a woman.

43. There exists a causal connection between Defendant's action and Plaintiff's sex because Plaintiff was not subject to negative review or corrective action up to and including termination until she began to come forward with the sexual harassment she faced but for her being a women.

44. Defendant's reasons for terminating Plaintiff are pretextual in nature because Defendant had not issued any corrective action to Plaintiff until she began coming forward with the sexual harassment she faced on a daily basis.

45. Because of her sex, Plaintiff was subjected to unlawful conduct and termination alleged throughout this complaint including disparate treatment by Defendant not paying Plaintiff her hourly wage during class while paying males their hourly rate then they were in class.

46. As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered from harm, ostracization, mental anguish, injury and monetary damages – including, but not limited to, past and future loss of income, benefits, promotions, and

promotional opportunities, career opportunities, - and costs, and is entitled to all available legal and equitable remedies.

47. Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature. Further, Defendant's treatment and actions were ongoing throughout the period stated in this Complaint.

48. Plaintiff has incurred mental anguish, lost wages, loss of reputation, loss of career opportunities now and in the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

49. Defendant is directly liable for the discriminatory acts or omissions of its agents, servants, and employees while acting within the course and scope of their employment, under the theory of Respondeat Superior.

## VII.  COUNT TWO

**(Discrimination on the Basis of Reprisal in Violation of Title VII of the Civil Rights Act of 1964,..)**

50. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

51. Plaintiff engaged in protected activity when she opposed the repeated sexual harassment perpetrated against her and complained of it during her employment with Defendant.

52. Because of her protected activity, Plaintiff was subjected to the unlawful conduct and adverse actions alleged throughout this Complaint, including demotion resulting in unlawful termination.

53. Plaintiff's protected activity was a determining factor in Defendant's unlawful conduct toward Plaintiff.

54. The reasons proffered by Defendant for its unlawful conduct are pretextual and Defendant

cannot further offer any legitimate reason for its unlawful conduct.

55. Defendant's aforementioned conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of her protected activity.

56. Defendant subjected Plaintiff to the aforementioned adverse employment actions because of her opposition to the unlawful and discriminatory employment practices of Defendant that are in violation of Title VII.

57. Defendant discriminated against Plaintiff because of her protected activity by engaging in, tolerating, or failing to prevent infractions of Title VII.

58. As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered from harm, injury and monetary damages – including, but not limited to, past and future loss of income, benefits, promotions, promotional opportunities, career opportunities, - and costs, and is entitled to all available legal and equitable remedies.

59. Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature. Further, Defendant's treatment and actions were ongoing throughout the period stated in this Complaint.

60. Plaintiff has incurred lost wages, loss of reputation, loss of career opportunities now and in the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

## VIII.   COUNT THREE

**(Hostile Work Environment Harassment in Violation of Title VII of the Civil Rights Act of 1964, as amended)**

61. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

62. As a direct result of Defendant's inaction, Plaintiff's co-workers, peers, and supervisors routinely humiliated Plaintiff and engaged in persistent patterns of severe and pervasive

sexual harassment as set forth herein, which created a hostile and offensive workplace environment in violation of Title VII.

63. Plaintiff was regularly and consistently subjected to harassing and offensive conduct alleged throughout this Complaint, which created a toxic, hostile and abusive work environment.

64. Plaintiff believes she was subjected to a hostile work environment based on sex and reprisal.

65. Defendant's unlawful conduct was unwelcome.

66. Defendant's deliberate conduct of adverse actions referenced throughout this Complaint, including inaction of harassment, humiliating Plaintiff, demotion and termination created a hostile and abusive work environment.

67. Plaintiff was subjected to constant abuse and harassment because of her protected activity and it unreasonably interfered and affected a term, condition, or privilege of Plaintiff's employment.

68. Defendant knew or should have known of the harassment. Defendant failed to adequately investigate the alleged conduct and took no effective, immediate or remedial action, despite Plaintiff's continued complaints. Despite all this, Defendant allowed the harassment to continue unabated.

69. By failing to take appropriate and effective remedial action against Plaintiff's co-workers and supervisors, Defendant acted with malice or with callous indifference to Plaintiff's complaints.

70. Defendant is directly liable for the discriminatory acts or omissions of its agents, servants, and employees while acting within the scope and course of their employment, under the

theory of Respondeat Superior.

71. As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered from harm, injury and monetary damages – including, but not limited to, past and future loss of income, benefits, promotions, promotional opportunities, career opportunities, - and costs, and is entitled to all available legal and equitable remedies.

72. Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature. Further, Defendant's treatment and actions were ongoing throughout the period stated in this Complaint.

73. Plaintiff has incurred lost wages, loss of reputation, loss of career opportunities now and in the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

## IX.    COUNT FOUR

### (Sexual Harassment in Violation of Title VII, 42 U.S.C. § 2000e, *et seq*)

74. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

75. As a direct result of Defendant's inadequate action, inaction, denial or ineffective remedial measures, Plaintiff routinely and consistently was subjected to unwanted advances as set forth herein, which resulted in sexual harassment in the workplace in violation of Title VII.

76. Plaintiff was regularly and continually subjected to unwanted sexual advances which amounted to sexual harassment conduct.

77. Defendant knew or should have known of the sexual harassment. Defendant failed to adequately investigate the sexual harassment and took no effective, immediate or remedial action. Despite all of Plaintiff's complaints, the sexual harassment continued and increased over time.

78. By failing to take any appropriate and effective remedial action against all those who sexually harassed Plaintiff, Defendant acted with malice, recklessness or callous disregard to Plaintiff's complaints.

79. Defendant's unlawful sexual advances was unwelcome.

80. As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered from harm, injury and monetary damages – including, but not limited to, past and future loss of income, benefits, promotions, promotional opportunities, career opportunities, - and costs, and is entitled to all available legal and equitable remedies.

81. Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature. Further, Defendant's treatment and actions were ongoing throughout the period stated in this Complaint.

82. Plaintiff has incurred lost wages, loss of reputation, loss of career opportunities now and in the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

## V. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a. Award monetary damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct, including for lost wages, lost job benefits she would have received but for Defendant's unlawful conduct;

b. Award damages for all the pain and suffering incurred by Plaintiff through no fault of her own;

c. Award reasonable attorney fees, costs, and expenses incurred for this action;

d. Order Defendant to institute a policy and procedure to be implemented against discrimination;

    e.   Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

    f.   Require supervisory training for the supervisors at issue herein;

    g.   Award equitable, declaratory, punitive, and injunctive relief; and

    h.   Award such other and further relief as this Honorable Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues set forth herein.

                Sincerely,

*Sean C Timmons*

_____
Sean Timmons, Esq.
Managing Partner
Tully Rinckey PLLC
18722 University Blvd., Suite 235
Sugarland, TX 77479
Tel: (832) 240-3273
Stimmons@tullylegal.com